Matt Valenti (Bar No. 253978)
ANTICANCER, INC.
7917 Ostrow Street
San Diego, CA 92111
(858) 654-2555 (Telephone)
(858) 268-4175 (Facsimile)
E-mail: mattvalenti@anticancer.com

Attorney for Plaintiff AntiCancer, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>PFIZER, INC., a Delaware corporation; and DOES 1-10,<br><br>　　Defendants. | Case No. **'11CV0107 JLS RBB**<br><br>COMPLAINT FOR:<br><br>BREACH OF LICENSE AGREEMENT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; UNJUST ENRICHMENT<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

3   AntiCancer, Inc., by and through its counsel, alleges for its Complaint against Pfizer, Inc. and Does 1-10, inclusive as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) since the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 and is between citizens of different states.

2. Venue is proper in this judicial district under pertinent law, including, *inter alia*, 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff AntiCancer, Inc. ("AntiCancer") is a corporation organized and existing under the laws of the State of California and having as its principal place of business San Diego, California. AntiCancer has developed patented imaging techniques used by cancer researchers to test new anti-cancer drugs. AntiCancer licenses this (and other) technology to both large and small research organizations, including several major pharmaceutical companies.

4. Defendant Pfizer, Inc. ("Pfizer") is a corporation organized and existing under the laws of the State of Delaware and having as its principal place of business New York City, New York. In or around 2009, Pfizer wholly acquired Wyeth Pharmaceuticals ("Wyeth"), including Wyeth's Pharmaceuticals Division.

5. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of DOES 1 through 10, inclusive, are unknown to plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of said defendants when they are ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants named as a Doe, along with the named defendants, is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries herein alleged were legally or proximately caused

by said defendants. Wherever it is alleged that any act or omission was also done or committed by any specifically named defendant, or by defendants generally, plaintiff intends thereby to allege, and does allege, that the same act or omission was also done and committed by each and every defendant named as a Doe, and each named defendant, both separately and in concert or conspiracy with the named defendants.

6. At all times mentioned herein, defendants, and each of them, were the agents, servants, co-conspirators, or employees of one another, and the acts and omissions herein alleged were done or suffered by them, acting individually and through or by their alleged capacity, within the scope of their authority. Each of the defendants aided and abetted and rendered substantial assistance in the accomplishment of the acts complained of herein. In taking the actions, as particularized herein, to aid and abet and substantially assist in the commission of the misconduct complained of, each defendant acted with an awareness of his, her or its primary wrongdoing and realized that his, her or its conduct would substantially assist in the accomplishment of that misconduct and was aware of his, her or its overall contribution to, and furtherance of the conspiracy, common enterprise, and common course of conduct. Defendants' acts of aiding and abetting included, *inter alia*, all of the acts each defendant is alleged to have committed in furtherance of the conspiracy, common enterprise, and common course of conduct complained of herein.

## FACTS

7. On December 22, 2006, AntiCancer and Wyeth Pharmaceuticals entered into a technology licensing agreement ("License Agreement"). Certain portions of the License Agreement may contain confidential information. AntiCancer will seek leave of the Court to enter the License Agreement into the record under seal.

8. The License Agreement required AntiCancer to provide a limited, non-exclusive license to certain of its patented technologies, in exchange for Wyeth paying an initial fee of $250,000 and annual maintenance fees of $150,000 each. The annual maintenance fees are due on the December 22 anniversary of the License Agreement, and payable within fifteen

(15) days of that date, i.e., January 6. Wyeth paid the initial fee, and for the next two years paid the required yearly maintenance fees.

9. The License Agreement also required AntiCancer to supply Wyeth with certain of its technical information ("Know-How"), cancer cell lines ("Cell Lines"), and mouse models ("Animal Models"). AntiCancer performed all of its requirements under the License Agreement.

10. In or around 2009 Wyeth was acquired as a wholly-owned subsidiary of Pfizer. In December 2009, Pfizer affirmed its obligation to perform all of Wyeth's obligations under the License Agreement by paying the third annual maintenance fee.

11. On December 8, 2010, Beth E. Rosado, a Pfizer Operations Associate, sent an email to AntiCancer in which she stated "I am in the process of drafting a termination letter for a license agreement between Wyeth (now Pfizer, Inc.) and AntiCancer, Inc. dated December 22, 2006." (The December 8 email is attached hereto and incorporated herein as Exhibit 1).

12. On December 15, 2010, Ms. Rosado again emailed AntiCancer, this time attaching what she described as a "termination letter." (The December 15 email and its attached letter are attached hereto and incorporated herein as Exhibit 2).

13. The "termination letter" attached to Ms. Rosado's December 15 email was signed by Robert T. Abraham, Ph.D., Vice President and Chief Scientific Officer of Pfizer's Center for Integrative Biology and Biotherapeutics. Dr. Abraham's letter purported to be dated December 8, 2010. In it, Dr. Abraham stated that "Pursuant to Section 9.2 of the [December 22, 2006] Agreement, Pfizer hereby gives notice of termination of the Agreement. The Agreement shall therefore terminate on December 8, 2010." (Page 2 of Exhibit 2).

14. Section 9.2 of the License Agreement permits the Licensee to terminate the agreement "upon thirty (30) days prior written notice to Licensor." Pfizer's notice, whether deemed to be made on December 15 (the date it was received by AntiCancer) or December 8 (the date Pfizer purports the License Agreement to terminate), was given too late to relieve Pfizer of its obligation to pay the annual maintenance fee.

15. On information and belief, Pfizer knowingly and fraudulently backdated its termination letter in an attempt to induce AntiCancer to believe Pfizer had actually complied with the termination notice requirements. Pfizer did this for the sole purpose of unfairly withholding from AntiCancer the 2010 maintenance fee AntiCancer is entitled to under the License Agreement.

16. Despite demands by AntiCancer, Pfizer has failed to pay the annual maintenance fee that was due no later than January 6, 2011.

17. Section 9.5 of the License Agreement provides that upon termination by the Licensee under Section 9.2, "all rights and licenses granted to Licensee hereunder shall immediately terminate and all rights to the Licensed Technology shall revert to Licensor." Under the License Agreement "Licensed Technology" includes the rights, *inter alia*, to the Know-How, Cell Lines, and Animal Models provided by AntiCancer.

18. Pfizer has not returned to AntiCancer any of the Know-How, Cell Lines, or Animal Models, as required upon termination of the License Agreement.

## FIRST CLAIM FOR RELIEF

(Breach of Contract – License Agreement)

19. AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 18.

20. There exists a valid technology licensing agreement between AntiCancer and Pfizer, dated and effective December 22, 2006 (the "License Agreement").

21. AntiCancer has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the License Agreement.

22. Pfizer has breached the License Agreement by failing to pay the annual maintenance fee of $150,000 due no later than January 6, 2011.

23. As a direct and proximate result of Pfizer's failure to pay the maintenance fee as required under the License Agreement, AntiCancer has been damaged in the amount of at least $150,000.

## SECOND CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing)

24. AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 23.

25. Implied in the License Agreement is a covenant of good faith and fair dealing.

26. Pfizer has breached the implied covenant of good faith and fair dealing by attempting to avoid the notice requirements of the termination rights contained in the License Agreement through a bad faith and fraudulent backdating of its purported termination notice.

27. Pfizer's breach of the implied covenant of good faith and fair dealing was intentional and made with the specific purpose of unfairly and improperly withholding the benefits due to AntiCancer under the License Agreement.

28. As a direct and proximate result of Pfizer's breach of the covenant of good faith and fair dealing, AntiCancer has been damaged in an amount to be proven at trial, in addition to attorneys fees and expenses.

## THIRD CLAIM FOR RELIEF

(Unjust Enrichment)

29. AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 28.

30. Pfizer has obtained valuable intellectual and physical property from AntiCancer, including but not limited to, Know-How, Cell Lines, and Animal Models (the "Licensed Technology").

31. Pfizer has obtained the Licensed Technology at AntiCancer's expense and efforts, and as a result of AntiCancer's good faith performance under the License Agreement.

32. Upon Pfizer's termination of the License Agreement, any and all of Pfizer's rights to the Licensed Technology terminated and all rights to the Licensed Technology reverted back to AntiCancer.

33. Pfizer has not returned any of the Licensed Technology or made monetary restitution of its value. Pfizer's unjustified and continuing detention of the Licensed

Technology constitutes unjust enrichment, and the circumstances are such that in equity and good conscience Pfizer should return the Licensed Technology or make monetary restitution of its value, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AntiCancer prays for relief as follows:

(1) That the Court order Pfizer to pay AntiCancer's direct damages in the amount of $150,000 and indirect damages according to proof at trial;

(2) That the Court award AntiCancer its attorneys fees incurred by it in prosecuting this action;

(3) That the Court assess pre-judgment and post-judgment interest and costs of suit against Pfizer, and award such interest and costs to AntiCancer;

(4) That the Court order Pfizer to return all wrongfully detained property of AntiCancer or award monetary restitution of the value thereof; and

(4) That AntiCancer have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: January 19, 2011        ANTICANCER, INC.

By:  s/Matt Valenti
     Matt Valenti
     Attorney for Plaintiff ANTICANCER, INC.

## DEMAND FOR TRIAL BY JURY

AntiCancer hereby demands a trial by jury as to all issues triable by jury.

Respectfully submitted,

Dated: January 19, 2011  ANTICANCER, INC.


By: s/Matt Valenti
Matt Valenti
Attorney for Plaintiff ANTICANCER, INC.

# EXHIBIT 1

# EXHIBIT 1

**From:** Rosado, Beth [mailto:Beth.Rosado@pfizer.com]
**Sent:** Wednesday, December 08, 2010 10:41 AM
**To:** all@anticancer.com
**Subject:** Termination letter

I am in the process of drafting a termination letter for a license agreement between Wyeth (now Pfizer, Inc.) and AntiCancer, Inc dated December 22, 2006.

Can someone please verify whether there is someone in addition to Dr. Hoffman who should receive the letter?

Thank you
Beth

Beth E. Rosado
CIBB
BioTherapeutics R&D
Pfizer, Inc.
401 N. Middletown Rd., 200/4502
Pearl River, NY 10965
P: (845) 602-4568
F: (845) 474-3264
beth.rosado@pfizer.com

please don't print this e-mail unless necessary

# EXHIBIT 2

# EXHIBIT 2

**From:** "Rosado, Beth" <Beth.Rosado@pfizer.com>
**To:** "AntiCancer, Inc." <team.acct@yahoo.com>
**Sent:** Wed, December 15, 2010 8:56:46 AM
**Subject:** RE:


Please see the attached termination letter for the License agreement with AntiCancer. A copy is being sent on to Dr. Robert Hoffman.

Thank you,
Beth

 please don't print this e-mail unless necessary

---

**From:** AntiCancer, Inc. [mailto:team.acct@yahoo.com]
**Sent:** Thursday, December 09, 2010 1:26 PM
**To:** Widbin, Karen
**Cc:** Rosado, Beth
**Subject:**

Dear Customer :

Please find attached the invoice for the annual renewal of our license agreement. We would appreciate payment by 12/22/2010.


Thanks very much,

AntiCancer, Inc.
858-654-2555




**To view your invoice**
Open the attached PDF file. You must have Acrobat® Reader® installed to view the attachment.



Beth E. Rosado
Operations Associate
401 N. Middletown Road
Pearl River, NY 10965
845-602-4568 tel.
845-474-3264 fax
Beth.Rosado@pfizer.com

**Pfizer Inc**
235 East 42nd Street
New York, NY 10017

December 8, 2010

Robert M. Hoffman, Ph.D.
President
AntiCancer, Inc.
7917 Ostrow Street
San Diego, CA 92110

Re: Termination of License Agreement between Pfizer Inc and AntiCancer dated December 22, 2006 (the Agreement")

Dear Dr. Hoffman:

It has been determined that the license granted to Pfizer under the Agreement is no longer needed. Pursuant to Section 9.2 of the Agreement, Pfizer hereby gives notice of termination of the Agreement. The Agreement shall therefore terminate on December 8, 2010. If there are any questions or concerns, please contact Beth Rosado.

Regards,

*[signature]*

Robert T. Abraham, Ph.D.
VP and CSO, Center for Integrative Biology and Biotherapeutics
Pfizer Inc

$\leqslant$JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANTICANCER, INC.

**(b)** County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matt Valenti, AntiCancer, Inc., 7917 Ostrow Street, San Diego CA 92111

## DEFENDANTS
PFIZER, INC.

County of Residence of First Listed Defendant  **New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
**'11CV0107 JLS  RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a)(1)
Brief description of cause:
Breach of Technology License Agreement; Breach of Covenant of Good Faith/Fair Dealing; Unjust Enrichment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ at least $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 01/19/2010
SIGNATURE OF ATTORNEY OF RECORD: *M. V[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____