# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., <br><br> Plaintiff, <br> vs. <br><br> PFIZER INC., <br><br> Defendant. | CASE NO. 11CV107 JLS (RBB) <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO JOIN CROWN BIOSCIENCE, INC. AS A DEFENDANT** <br><br> (ECF No. 15) |

Presently before the Court is Plaintiff's motion for leave to file amended complaint and to join Crown Bioscience, Inc. as a defendant. (ECF No. 15) Also before the Court is Defendant's statement of non-opposition of Defendant Pfizer Inc. in response to motion for leave to file amended complaint. (ECF No. 17) Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiff's motion and **VACATES** the hearing presently set for January 12, 2012.

Leave to amend the complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while Rule 15 should be interpreted liberally, leave to amend should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court may deny leave to amend if permitting amendment "would prejudice the opposing party, produce and undue delay in the litigation, or result in futility for lack of merit." *Id.*

Federal Rules of Civil Procedure 19 and 20 govern who may be joined as a party. Rule 20(a)(2) allows for the permissive joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff's proposed amendments to the complaint are purportedly based on new information Plaintiff has learned since the filing of the original complaint. (Mot. for Leave to Am. 2, ECF No. 15) Moreover, the parties do not dispute that Defendant Pfizer will not be prejudiced by permitting Plaintiff to file an amended complaint.

In addition, Plaintiff proposes to join Crown Bioscience, Inc ("Crown") as a defendant because Plaintiff's fifth claim for relief for infringement is based on Pfizer and Crown's allegedly infringing joint activities, and thus Plaintiff's claims against both arise out of the same transaction or occurrence. (*Id.* at 6–7) Moreover, Plaintiff contends that its fifth claim for infringement "will necessarily involve substantial common questions of fact between Pfizer and Crown." (*Id.* at 7) Finally, Plaintiff maintains that joinder of Crown "will help avoid the need for multiple lawsuits, promote the efficient discovery of common questions of fact, and preserve judicial resources." (*Id.* at 8)

Defendant Pfizer does not oppose Plaintiff's motion to amend and to join Crown as a Defendant. (Stmt. Non-Opp'n, ECF No. 17) Instead, Defendant's statement of non-opposition disputes the merits of the amended pleadings. (*Id.* at 2) As Defendant correctly recognizes, however, "the instant motion seeking leave to amend the complaint is not the proper procedural vehicle for Pfizer to dispute the substance of the claims sought to be added." (*Id.* at 3) To the extent that Defendant's statement of non-opposition can be construed as an opposition to Plaintiff's motion—based on Defendant's contentions that, for example, "[t]he filing of the proposed amended complaint will serve only to further prolong this unnecessary litigation," (*id.* at 2), and that "Plaintiff AntiCancer's bid to amend its complaint is simply an effort to obtain a more favorable settlement," (*id.* at 3)—the Court nevertheless finds that amendment and joinder are appropriate here.

**IT IS SO ORDERED**.

DATED: November 8, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge