**LiLaw Inc.**
J. James Li (SBN 202855)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile:  (650) 521-5955
Email:  lij@lilaw.us

Attorneys for Defendant Crown Bioscience, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC.., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PFIZER, INC., a Delaware corporation, CROWN BIOSCIENCE, INC., a California corporation, and DOES 1-50<br><br>　　　　　Defendants. | Case No. 11 CV 0107 JLS (RBB)<br><br>**DEFENDANT CROWN BIOSCIENCE, INC.'S MOTION TO SEVER OR, BIFURCATE THE FIFTH CLAIM FOR RELIEF**<br><br>Date:  April 19, 2012<br>Time: 1:30 p.m.<br>Place: Courtroom 6<br>Judge: Hon. Janis L. Sammartino |

## NOTICE OF MOTION & MOTION

Defendant Crown Bioscience, Inc. ("CrownBio") hereby notifies all parties and their counsels of record that CrownBio has filed a Motion to Sever the Fifth Claim for Relief.

By this Motion, CrownBio requests that the Court sever the Fifth Claim for Relief of the First Amended Complaint into a separate action pursuant to Rule 21 of the Federal Rules of Civil Procedure, because the Fifth Claim has no common questions of law or facts with the other four claims and because of the prejudice to CrownBio if it is litigated together with the other claims. If for some reasons the Court is disinclined to sever the claim, CrownBio requests that the Court at least bifurcate it under Fed. R. Civ. P. 42 and allow the claim be litigated in a separate track including separate case schedule and trial.

The Motion will be heard at United States District Court, Southern District of California, 940 Front Street, San Diego, CA 92101, at the courtroom on the date and time as stated in the above caption.

The Motion is based on the Memorandum of Points and Authorities below and the Declaration of Yiyou Chen, Ph.D. in Support of Defendant Crown Bioscience, Inc.'s Motion to Sever the Fifth Claim for Relief ("Chen Decl." herein after).

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION**

This case started as a breach of contract case against Pfizer, Inc. Only recently were two patent infringement claims added, one against Pfizer alone while the other, which is the Fifth Claim, is against both Pfizer and CrownBio.

The Fifth Claim should be severed from the other claims under Fed. R. Civ. P. 21, which gives courts the discretion to sever claims in consideration of "convenience and fairness." The Fifth Claim has no relationship with the other four claims. Claims One through Three are based on a licensing agreement between AntiCancer and Wyeth Pharmaceutical, which was recently acquired by

Pfizer. The first three claims thus do not in any way involve CrownBio. For the Fourth Claim, it is based on a patent that shares no subject matters or inventors with the patent asserted in the Fifth Claim. Therefore, there will not be overlap in witness or documentary evidence between the Fifth Claim and the other claims.

More importantly, allowing the Fifth Claim be litigated together with the other claims would significantly prejudice CrownBio. Under the current arrangement, CrownBio would be forced to spend a tremendous amount of resources on useless litigation proceedings, such as reviewing voluminous amount of documents, attending hearings, depositions, and trial, which for the most part have nothing to do with it. CrownBio is a small company with a very limited legal budget. If CrownBio is forced to spend its precious resources on irrelevant proceedings, it would severely handicap CrownBio's ability to mount an effective defense to the Fifth Claim, to the extent that it might have to abandon its meritorious case because of the prohibitive expenses. *Id.* Furthermore, CrownBio would be prejudiced at trial due to jury confusion, because its defense would be drowned in a sea of irrelevant matters. Therefore, this Court should sever the Fifth Claim into a separate action.

If the Court is disinclined to sever the Fifth Claim, the Court at least should bifurcate the claim from the main case, in a way to allow it to be litigated with its own discovery schedule and a separate trial. Bifurcation, however, is a less preferred option because foreseeably it will create many discovery disputes as to what falls into the proper discovery scope for the Fifth Claim and what is not.

## II. FACTS

The case was filed on January 11, 2011 against Pfizer, Inc. ("Pfizer") only. See Complaint, Dkt. 1. On October 4, 2011, AntiCancer filed the Motion to Amend Complaint and Join Crown Bioscience, Inc. as Defendant (Dkt. 15), which was unopposed and granted (Dkt. 17 & 18). On or about November 9, AntiCancer filed the First Amended Complaint ("FAC") (Dkt. 19) and later served the FAC on CrownBio.

The FAC has five claims, four of which are against Pfizer alone, including



- The First Claim: Breach of Contract – License Agreement;
- The Second Claim: Breach of Implied Covenant of Good Faith and Fair Dealing;
- The Third Claim: Unjust Enrichment;
- The Fourth Claim: Infringement of '159 Patent.

See FAC, Dkt. 19, pp. 6-8.   The fifth claim is for Infringement of the '812 Patent which is asserted against both Pfizer and CrownBio.

The first three claims are based on a licensing agreement between AntiCancer and Wyeth Pharmaceuticals ("Wyeth").  Dkt. 19, ¶ 8.  The claims against Pfizer arose after Pfizer acquired Wyeth and terminated the licensing agreement.  *Id.* ¶¶ 11-15.  The only substantive issue for the first three claims is whether Pfizer terminated the license agreement in time to avoid paying the annual maintenance fee.  *Id.* ¶ 15.

The fourth claim is based on U.S. Patent No. 6,649,159 (i.e., the '159 Patent), entitled "Whole-Body Optical Imaging of Gene Expression and Uses Thereof," which lists Meng Yang and Eugene Baranove as the inventors.  Dkt. 19, Ex. 6.  The FAC describes the technology of the '159 Patent as

> methods for tracking the expression of specific genes in animals through the use of fluorescent proteins, including green fluorescent protein ("GFP"), a protein which occurs naturally in a species of jellyfish.

Dkt. 19, ¶ 20.

The Fifth Claim is unrelated to the first four claims.  It is based on U.S. Patent No. 5,569,812 and its re-issued version (collectively the "'812 Patent"), which is entitled "Nude Mouse Model for Human Neoplastic Disease."   The '812 Patent lists Ann Monosove and Xinyu Fu as inventors.  Dkt. 19, Ex. 7.  The FAC describes the technology of the '812 Patent as "a process known as 'surgical orthotropic implantation'" and for implanting "fragments of various types of human tumors onto an organ of a mouse or other rodent which corresponds to the human organ from which the tumor was originally obtained."  *Id.* ¶ 21.

As shown below, the Fifth Claim has no relationship with the other four claims and for that reason should be severed from the main case to avoid prejudice to CrownBio.



## III. ARGUMENT

### A. Legal Standard

Rule 21 of the Federal Rules of Civil Procedure allows courts to "sever any claim against a party." Fed. R. Civ. P. 21. Courts across the nation have recognized that "[a]lthough Rule 21 is titled 'Misjoinder and Nonjoinder of Parties,' a court may sever a trial under Rule 21, even if the parties are properly joined under Rule 20(a)." *Zaldana v. KB Home*, 2010 U.S. Dist. LEXIS 119612, *5 (N.D. Cal. 2010), citing *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983); see also *Hess v. Gray*, 85 F.R.D. 15, 22 (N.D. Ill. 1979) ("Severance is authorized under this Rule even if there is no improper joinder if there are other sufficient reasons.").

*Zaldana* summarized the factors of severance as the follows:

> Application of Rule 21 involves consideration of convenience and fairness. The court has broad discretion in granting a severance. In deciding whether to sever an action under Rule 21, courts consider, along with the requirements of Rule 20(a), such factors as judicial economy, prejudice, and whether different witnesses and documentary proof are required for the separate claims.

*Zaldana*, 2010 U.S. Dist. LEXIS 119612, *5 (internal citations and quotations omitted).

An alternative to severance is bifurcation under Rule 42, which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims …." Fed. R. Civ. P. 42(b). Like in the case of Rule 21, a district court has "broad discretion" in deciding whether to order separate trials under Rule 42(b). *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Factors to be considered for bifurcation are similar to those for severance. *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). In fact, one court has put succinctly of the criteria for determining both severance and bifurcation:

> While issues under Rule 21 or Rule 42 are within the broad discretion of the trial court, the Court will consider the following factors in making such a decision: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)



**B.     The Fifth Claim Should Be Severed from the Main Case**

As stated in Section II (i.e., "Facts"), *supra*, the Fifth Claim has no relationship with the other four claims. It should be severed from the main case for "convenience and fairness" under Rule 21. *Zaldana*, 2010 U.S. Dist. LEXIS 119612, *5. Specifically, all the applicable factors under Rule 21 (*see Norris, 37* F. Supp. 2d at 580) favor severance in this case.

First, the Fifth Claim did not arise out of the same transaction or occurrence as the other claims. It has no relationship whatsoever to the first three claims based on the Wyeth contract. *See* Sec. II, *supra.* The Fourth, which is a patent infringement claim against Pfizer alone, is based on patent that shares no subject matters or inventors with the asserted patent in the Fifth Claim. *Id.*

Second, there are no common questions of law or fact. This point is obvious between the Fifth Claim and the first three claims based on the Wyeth contract. For the Forth Claim, it cannot have any common questions of infringement or invalidity with the Fifth Claims, in light of the facts that the '159 Patent has no overlap with the '812 Patent in the subject matters of the invention or the inventorship. *See* Sec. II, *supra*. Importantly, courts previously have held that patent infringement claims based on very different patents may be severed into separate actions. *See, e.g., Cellectricon AB v. Fluxion Biosciences, Inc.*, 2011 U.S. Dist. LEXIS 46634 (N.D. Cal. Apr. 25, 2011).

Third, the severance would facilitate the settlement of the Fifth Claim and judicial economy. The Fifth Claim is based entirely on CrownBio's experiments with animal models. Chen Decl. ¶ 2. Thus, the primary source of evidence for the defense of the Fifth Claim will be presented by Crownbio instead of Pfizer. Separating the claim into a separate action will potentially facilitate its settlement, due to the simplification resulted from the removal of the other claims. The severance would also be conducive to judicial economy because it would eliminate one party all together from the proceedings of the first four claims, which had been going on for a while before CrownBio was joined recently. Importantly, the severance would not create redundant works for the court and the parties in light of the lack of overlap of the severed claim with the main case.

Fourth, the severance would avoid prejudice to CrownBio. If CrownBio has to litigate the Fifth Claim in the present action, it would be forced to attend hearings, depositions, and trial which for the most part are irrelevant to it. CrownBio will also have to review tens of thousands of pages of



documents that may have nothing to do with its case. CrownBio is a small company with limited legal budget. Chen Decl. ¶ 3. Having to spend much legal fees on irrelevant matters will substantially prejudice its ability to mount an effective defense, to the extent it might have to abandon its meritorious case due to the prohibitive legal expense. *Id.* Further, CrownBio's defense in trial may be also be distracted by the vast majority of trial presentation that has nothing to do with its case, thus causing significant jury confusion.

Fourth, different witnesses and documentary proofs are required for the Fifth Claim as compared with the other claims. Again, this point is clear for the first three claims based on the Wyeth contract because the contract has no relationship with CrownBio. There cannot be any significant overlap of witnesses or documentary proofs, either, between the two patent claims. The two patents share no common inventors and have very different invention subject matters. *See* Sec. II, *supra*. For the infringement (or lack thereof) case under the Fifth Claims, the main witnesses and documentary evidence will have to come from CrownBio. Chen Decl. ¶ 2. These witnesses and documents will have no relevance for the other claims. For the invalidity case, the prior art references for the '812 patents are completely different from those for the '159 patent because of their different invention subject matters.

Therefore, the factors of Rule 21 overwhelmingly favor the severance of the Fifth Claim from the main case. The severance, if granted, will allow the Fifth Claim to proceed as a separate action.

### C. Alternatively, the Fifth Claim Should Be Bifurcated with a Separate Discovery and Trial Schedule

As discussed above, since the factors for severance and bifurcation are similar, if the Court for whatever reason is disinclined to sever the Fifth Claim, it should bifurcate it from the main case. Bifurcating the claim for trial only would not be sufficient here, because the prejudice to CrownBio would primarily come from the significant legal expense it has to spend for irrelevant discovery and pretrial matters. Chen Decl. ¶ 3. Thus, in addition to allow a separate trial for the Fifth Claim, the bifurcation should also provide a separate case schedule. The discovery for the Fifth Claim will be very different from the other claims. A separate discovery track will help CrownBio to distinguish discovery for the Fifth Claim from those for the other claims, thus lowering its litigation expense.



1  Further, since CrownBio has just been added into the case, a separate schedule for the Fifth Claim
2  will allow the other claims to proceed according to their original case schedule.  In fact, CrownBio
3  has filed a motion seeking relief from the current Case Management Order which had been issued
4  before CrownBio was added into the case.  *See* Dkt. 27.

5  Although bifurcation is one way to address the prejudice to CrownBio, it is still the
6  considered opinion of CrownBio that severance is a better way to achieve the same purpose.  One
7  major concern is the potential discovery disputes on whether a certain discovery request or deposition
8  question is related to the Fifth Claim or other claims, which would potentially spawn unnecessary
9  motions to compel or motions for protective order.

### IV.   CONCLUSION

For foregoing reasons, CrownBio respectfully requests this Court to sever the Fifth Claim for Relief into a separate case.  Alternatively, as a less preferred option, the Court should bifurcate the Fifth Claim with a discovery and trial schedule that is separated from the main case.

DATED:  1/30/2012                    **LiLaw Inc.**

By  _____

J. James Li
Attorneys for Defendant
Crown Bioscience, Inc.



CROWNBIO'S MOTION TO SEVER OR CONTINUE

# CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2012, the foregoing documents entitled

- **Defendant Crown Bioscience, Inc.'s Motion to Sever or, Bifurcate the Fifth Claim for Relief**
- **Declaration of YiYou Chen, PH.D. In Support of Defendant Crown Bioscience, Inc.'s Motion to Sever the Fifth Claim for Relief**
- **[Proposed] Order Granting Defendant Crown Bioscience, Inc.'s Motion to Sever the Fifth Claim for Relief**

were filed via the Case Management/Electronic Case Filing (CM/ECF) system, with service to be made on all parties deemed to have consented to electronic service via the automated generation and e-mailing of a Notice of Electronic Filing (NEF) by the CM/ECF system.

By: _____/s/_____
J. James Li
Attorney for Defendant Crown Bioscience, Inc.

