1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANTICANCER, INC., a California          CASE NO. 11CV107 JLS (RBB)
     corporation,
12                                            **ORDER (1) DENYING
                                 Plaintiff,   CROWNBIO'S MOTION TO
13        vs.                                 SEVER AND (2) DENYING
                                              WITHOUT PREJUDICE MOTION
14                                            IN THE ALTERNATIVE TO
                                              BIFURCATE THE FIFTH CLAIM
15   PFIZER INC., a Delaware corporation,     FOR RELIEF**
     CROWN BIOSCIENCE, INC., a California
16   corporation, and DOES 1–50,             (ECF No. 30)

17                              Defendants.

18

19          Presently before the Court is Defendant Crown Bioscience, Inc.'s ("CrownBio") motion to

20   sever or bifurcate the fifth claim for relief.  (Mot. to Sever, ECF No. 30)  Also before the Court are

21   Plaintiff Anticancer, Inc.'s ("Anticancer") opposition, (Anticancer Opp'n, ECF No. 33), Defendant

22   Pfizer, Inc.'s ("Pfizer") opposition, (Pfizer Opp'n, ECF No. 34), and CrownBio's reply, (Reply in

23   Supp., ECF No. 37).  The motion hearing set for April 19, 2012, is **HEREBY VACATED**, and the

24   matter is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

25   Having considered the parties' arguments and the law, the Court **DENIES** CrownBio's motion.

26   //

27   //

28   //

**BACKGROUND**

Anticancer first filed its complaint in this action on January 19, 2011, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment solely against Pfizer.  (Compl., ECF No. 1)  Subsequently, on October 4, 2011, Anticancer moved to amend the complaint to add CrownBio as a defendant, and to assert two patent infringement claims—one against Pfizer alone, and the other against both Pfizer and CrownBio.  (Mot. to Amend, ECF No. 15)  No other claims were proposed against CrownBio. Pfizer did not oppose Anticancer's motion to amend, and so the Court, finding amendment appropriate under the circumstances, granted the motion.  (Order, Nov. 8, 2011, ECF No. 18) Anticancer's first amended complaint ("FAC") was filed one day later, on November 9, 2011. (FAC, ECF No. 19)  And now, CrownBio moves this Court to sever or bifurcate claim five of the FAC—the only claim asserted against it—pursuant to Federal Rules of Civil Procedure 21 and 42. (Mot. to Sever, ECF No. 30)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 21 permits a court to "sever any claim against a party."  It is within the district court's discretion whether to sever a claim so long as it is "discrete and separate."  *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000) (noting that a district court is vested with "broad discretion . . . to make a decision granting severance").  A court may not "attempt to separate an essentially unitary problem," however.  *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974).  In considering whether to sever a claim under Rule 21, a court considers the following factors:

> "(1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for the separate claims."

*SEC v. Leslie*, No. 07-3444, 2010 U.S. Dist. LEXIS 76826, at *10 (N.D. Cal. July 29, 2010) (quoting *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)).

//

1    Federal Rule of Civil Procedure 42(b) authorizes a court "[f]or convenience, to avoid

2    prejudice, or to expedite and economize" to "order a separate trial of one or more separate issues,

3    claims, crossclaims, counterclaims, or third-party claims."[1]  Like the decision to sever under Rule

4    21, the decision whether to bifurcate for trial under Rule 42(b) is within the broad discretion of the

5    district court.  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004)

6    (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)).  A court considers the

7    same factors relevant to severance under Rule 21 in deciding whether to bifurcate under Rule

8    42(b).  *Morris*, 37 F. Supp. 2d at 580.  The moving party carries the "burden of proving that the

9    bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties."

10   *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

11   **ANALYSIS**

12   CrownBio seeks to sever or, in the alternative, to bifurcate claim five of the FAC.  Claim

13   five is asserted against both Pfizer and CrownBio, alleging infringement of U.S. Patent No.

14   5,569,812 ("the '812 patent").[2]  (FAC ¶¶ 48–55, ECF No. 19)  The parties dispute which of the

15   factors the Court considers weigh in favor or against severance.  According to CrownBio, "there

16   will be no overlap in witness or documentary evidence between the Fifth Claim and the other

17   claims" in this action.  (Mot. to Sever 2, ECF No. 30)  As such, CrownBio asserts that severance is

18   warranted because it avoids prejudice to CrownBio, it would facilitate settlement of claim five,

19   and it would further judicial economy.  (*Id.* at 5–6)

20   Conversely, Anticancer and Pfizer both oppose severance, contending that due to the

21   overlapping legal and factual issues relevant to claims four and five, it would be more burdensome

22   to litigate claim five separately.  (*See* Anticancer Opp'n 2–4, ECF No. 33; Pfizer Opp'n 1–7, ECF

23   No. 34)  Pfizer further contends that CrownBio's motion is premature, in that the Court will be in a

24

25   [1] "The procedure authorized by Rule 42(b) should be distinguished from severance under Rule
     21. . . . Separate trials of claims originally sued upon together usually will result in the entry of one

26   judgment, but severed claims become entirely independent actions to be tried, and judgment entered
     thereon, independently." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

27   § 2387 (3d ed. 2008).

28   [2] The '812 patent was reissued as U.S. Patent No. RE39,337 on October 10, 2006.  U.S. Patent
     No. RE39,337, at [45], [64].  For simplicity—and to mirror the allegations of the FAC, (*see* FAC
     ¶¶ 50–53, ECF No. 19)—the Court refers to the '812 patent in its discussion of claim five.

1  better position to consider severance after the parties have conducted discovery, claim

2  construction, and pretrial motion practice.  (Pfizer Opp'n 8–9, ECF No. 34)

3        The first four claims of Anticancer's FAC are asserted solely against Pfizer, the first three

4  pertaining to a license agreement that CrownBio is not a party to, and the fourth pertaining to

5  Pfizer's alleged infringement of U.S. Patent No. 6,649,159 ("the '159 patent").  (FAC ¶¶ 25–47,

6  ECF No. 19)  Anticancer and Pfizer do not dispute that the fifth claim is unrelated to the first three

7  claims; this fact weighs in favor of severance.  The parties dispute the relatedness of the fourth and

8  fifth claims for patent infringement, however.

9        The '159 patent—at issue in the fourth claim against Pfizer only—relates to "the whole-

10  body external optical imaging of gene expression." '159 patent, at [57].  Anticancer alleges that

11  Pfizer has infringed this patent "through the activities described in" a research paper authored by

12  several Pfizer scientists.  (FAC ¶ 22, 43, ECF No. 19)  Specifically, the paper "describes a study in

13  which [green fluorescent protein] expression in mouse embryos was monitored and non-invasively

14  imaged."  (*Id.* ¶ 22)

15        The '812 patent—at issue in the fifth claim against both Pfizer and CrownBio—covers a

16  process called "surgical orthotopic implantation," which allows researchers to "implant fragments

17  of various types of human tumors onto an organ of a mouse or other rodent which corresponds to

18  the human organ from which the tumor was originally obtained [to] conduct experiments related to

19  the resulting growth of the tumor within the mouse."  (*Id.* ¶ 21)  According to the FAC, "[t]his

20  method can . . . be used in conjunction with" the technology of the '159 patent.  (*Id.*)  Anticancer

21  alleges that Pfizer and CrownBio infringed on this patent by collaborating to "surgically

22  orthotopically implant[] tumor fragments from patient liver-tumor tissues into the liver of mice,

23  and then treated them with a drug called sunitinib malate," as presented in a joint poster

24  presentation and announced in a joint press release.  (*Id.* ¶¶ 23–24, 51)

25        The Court finds that CrownBio has not carried its burden to establish the necessity of

26  severance or bifurcation here.  The subject matter of the patents does not seem so disparate that

27  conducting discovery and litigating the claims together would lead to added difficulty or

28  confusion.  Although the inventors of the patents are distinct, both patents are owned by the same

1   entity, Anticancer, and both generally concern the use of mouse models for researching cancer in

2   humans.  Indeed, according to the FAC, the patented technologies can be used together.  This

3   overlap suggests that much of the same testimony and documentary evidence will be useful in

4   litigating both infringement claims, such that severance would result in added effort and expense

5   for Anticancer and Pfizer without coequal benefit to the Court or to CrownBio.[3]

6   CrownBio insists that severance "will potentially facilitate . . . settlement, due to the

7   simplification resulted from the removal of the other claims," but little support is given for this

8   argument.  (Mot. to Sever 5, ECF No. 30)  The Court gives credit to CrownBio's concerns of

9   increased costs in having to litigate claim five alongside the other four claims, but agrees with

10  Pfizer that these cost burdens can to a large extent be avoided through an amicable discovery

11  process, especially "[i]n this era of fax machines and discount air travel," *Sher v. Johnson*, 911

12  F.2d 1357, 1365 (9th Cir. 1990), or—perhaps less anachronistically—this era of video-

13  conferencing and electronic discovery.[4]

14  Finally, CrownBio surmises that trying these claims together will result in "significant jury

15  confusion" and will prejudice CrownBio's defense.  (Mot. to Sever 6, ECF No. 30)  CrownBio has

16  failed to convince the Court that a jury instruction would not cure any potential confusion,

17  however.  As such, CrownBio's motion is denied.  The Court will deny the motion without

18  prejudice to CrownBio renewing its request at a later date, however, when the Court is in "a better

19  position . . . to weigh the benefits of joinder against [CrownBio's] concerns regarding jury

20  confusion and prejudice during trial."  *Ferger v. C.H. Robinson Worldwide, Inc.*, No. 06-174, 2006

21  U.S. Dist. LEXIS 50908, at *6 (W.D. Wash. July 25, 2006).

22  //

23  //

24

[3] The Court also notes that it granted Anticancer's motion to amend in part based on its
representation that the added claim against CrownBio involved substantial common questions of fact
between Pfizer and CrownBio, and that it would promote judicial economy.  (Order, Nov. 8, 2011,
at 2, ECF No. 18)

[4] Moreover, CrownBio need not participate in the discovery related to the first three claims
whatsoever, and so there should be no added cost associated with the side-by-side litigation of these
claims.  *See Sprint Communs. Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617–18 (D. Kan.
2006).

1

**CONCLUSION**

2        For the reasons stated above, the Court **DENIES** CrownBio's motion to sever, and

3   **DENIES** CrownBio's motion in the alternative to bifurcate **WITHOUT PREJUDICE** to

4   CrownBio's renewing its motion after discovery, claim construction, and pretrial motion practice

5   have been completed.

6        **IT IS SO ORDERED**.

7   DATED:  March 26, 2012

8                                                          _____
                                                           Honorable Janis L. Sammartino
                                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -                                                    11cv107